IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEANNA JACKSON, on behalf of herself and other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556 and TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 3:17-cv-339 |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff JEANNA JACKSON ("Plaintiff") files this Complaint, against TRANSPORT WORKERS UNION OF AMERICA, LOCAL 556 and TRANSPORT WORKERS UNION OF AMERICA, INTERNATIONAL, Defendants, and as grounds for this complaint would show the following:

## I. NATURE OF THE ACTION

1. This action arises from the Defendants' willful violation of the Labor Management Reporting and Disclosure Act, 29 U.S.C. § 401, *et. seq.*, ("LMRDA" or "the Act"), as well as the Defendants' willful violation of their own Constitution and By-Laws. Further, in violation of 29 U.S.C. § 411(a)(1), the Defendants willfully violated the Union's Constitution and By-Laws as it pertained to Plaintiff and those similarly situated, depriving them of certain rights as described in the Act.

## II. THE PARTIES, JURISDICTION, AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331; 29 U.S.C. § 412; and 29 U.S.C. § 185(a)(1) and (2).

3. Venue lies in this district pursuant to 29 U.S.C. 185(a), 29 U.S.C. § 412 and 28 U.S.C. §1391(b). A substantial part of the events or omissions giving rise to the claim occurred in this District. Further, one or more defendants maintain their headquarters in the Northern District of Texas.

4. TRANSPORTATION WORKERS UNION OF AMERICA, LOCAL 556 ("Local 556" or the "Local") is a local labor organization acting as an unincorporated association which maintains its principal office at 8787 N. Stemmons Freeway, Suite 600, Dallas, TX 75247. Local 556 is the certified representative for the flight attendants for Southwest Airlines.

5. TRANSPORT WORKERS UNION OF AMERICA, AFL-CIO ("International") is a nationwide labor union under which the Local operates. Its principal office is located at 501 3rd St. NW, 9th Floor, Washington, DC 20001.

6. Plaintiff Jeanna Jackson and the putative class are flight attendants for Southwest Airlines and members of Local 556, and by association, International. Jackson is a citizen of Texas and resides within the Northern District of Texas.

## III. FACTUAL BACKGROUND

7. Plaintiff and the putative class members are members in good standing of the Transport Workers Union of America, AFL-CIO, Air Transport Local 556, a union representing the flight attendants of Southwest Airlines.

8. The Transport Workers Union of America is affiliated with the AFL-CIO and the World Wide International Transport Workers Federation.

9. All TWU Members belong to Locals formed on the basis of interest and geographic location. The Members elect their own Local Officers who handle most of their issues and business. The International coordinates the activities of the Divisions and the Locals and assists in negotiations, organizing drives and legislative campaigns. It provides professional legal, education, research and public relations services to the Locals and Divisions.

10. The Local Union represents the Southwest Airlines Flight Attendants. Local 556 of the Air Transport Division of the TWU was chartered as a Local on October 13, 1981, in the city of Dallas.

11. Article X of the By-Laws of the Local provide for the following:

> A recall election shall be held if fifty (50%) percent plus one of the Membership in good standing sign, in person, a written petition demanding the recall of an Officer(s). Such petition must allege that the Officer has violated his/her obligations under the Local or International Constitution and specify the obligations which have been violated and the acts or omissions which constitute the violation. The above statement must be set forth on each page of the petition and the Members' employee number and date of signature accompany each signature. The Financial Secretary-Treasurer shall be responsible for validating the signatures on a recall petition and such signatures shall be considered valid up to one year from the date of signature. If the Financial Secretary-Treasurer is the subject of the petition, the Recording Secretary will validate the signatures. If the entire Board is the subject of the petition, an Officer assigned by the International Union will validate the signatures.
>
> If a valid petition is filed pursuant to section (a) of this Article, ballots shall be sent to all Members in good standing thirty (30) days from the time the petition is validated. The ballot shall provide a "yes" or "no" vote on whether the Officer(s) who are the subject of the petition shall be recalled. A statement of the allegations in the petition and the Officer(s)' response shall be mailed with the ballot.
>
> An affirmative fifty (50%) percent plus one of the Local's Members in good standing must return ballots stating that the Officer(s) in question

> should be recalled. The office shall be declared vacant and an election shall be held to fill the position(s). (emphasis added)

12. Plaintiff Jackson began the process of obtaining signatures on recall petitions in August of 2015. The effort was made in response to actual violations of the Constitution and By-Laws committed by certain Executive Board members. At all times the recall effort was conducted in accordance with the union Constitution and By-Laws.

13. On December 15, 2016, valid recall petitions signed by 7,592 TWU members in good standing were presented to the Local for verification as required by the By-Laws. The recall petitions alleged violations of the Local By-Laws Objectives Article II (b) and the TWU International Constitution Article XIX Section 5. The petitions met or exceeded the form requirements described in the By-Laws.

14. The recall petitions sought the recall of Local 556 President Audrey Stone, 1st Vice President Todd Gage, 2nd Vice President Brett Nevarez, Recording Secretary Cuyler Thompson, Financial Secretary/Treasurer John Parrott, Board Member at Large Sam Wilkins, Board Member at Large Crystal Reven, DEBM[1] Andrea Garnett, DEBM Stacey Vavakas, DEBM David Jackson, DEBM Pamila Forte, DEBM Rachel Brownfield, DEBM Jimmy West, and DEBM Matt Hettich.

15. The Local Executive Board (consisting of 17 members, 12 of which were subject to the recall) rejected the recall petitions and refused to verify signatures as required by the Constitution and By-Laws, thus depriving the plaintiffs of the rights conferred to them by the governing documents of the union. No valid reason was given for refusing to verify the petitions and carry out the will of the members.

---

[1] Domicile Executive Board Member

16. An appeal was filed with TWU International on January 17, 2017 at the request of union leadership. As of the date of filing, TWU International has refused to verify the recall petitions and comply with the Constitution and By-Laws.

17. Multiple attempts were made, both by plaintiff Jackson and her counsel, to confer with legal counsel for International to assist and cooperate in the recall petition validation. Attempts to communicate and assist were ignored completely.

18. In continuing to ignore the recall petitions of more than 50% of the eligible membership, both Local and International are depriving the members of rights as conferred in the Act and the governing documents of International and Local.

## IV. PLAINTIFFS' CLAIMS

### COUNT 1: VIOLATIONS OF THE LMRDA

19. Each of the foregoing paragraphs are incorporated and re-alleged.

20. "The Labor–Management Reporting and Disclosure Act of 1959 was the product of congressional concern with widespread abuses of power by union leadership." *Finnegan v. Leu*, 456 U.S. 431, 435 (1982). Although the LMRDA as originally enacted focused on disclosure requirements and regulating union elections, over time various amendments have shifted the focus toward "protection for members of unions paralleling certain rights guaranteed by the Federal Constitution[.]" *Id*. To state a claim under § 412, plaintiffs must show (1) that they are members of a labor organization and (2) that the organization infringed a right secured by § 411, 412, 413, 414, or 415. *See Martinez v. Am. Fed'n of Gov't Emps.*, 980 F.2d 1039, 1041–42 (5th Cir. 1993).

21. 29 U.S.C. § 411(a)(1) provides Plaintiffs and other members of Local 556 in good standing the statutory right to have equal rights and privileges within the organization to

nominate candidates, to vote in elections or referendums of the labor organization, to attend membership meetings, and to participate in the deliberations and voting upon the business of such meetings, subject to reasonable rules and regulations in such organization's constitution and bylaws.

22. In repeatedly ignoring the valid recall petitions of plaintiffs, both Local and International have denied plaintiffs the equal rights provided for in the Act.

23. Specifically, the Act recognizes that a member's exercise of their equal rights are "subject to reasonable rules and regulations in such organization's constitution and bylaws." Here, plaintiffs are attempting to participate and engage in the rights described in the Act in conformity with the by-laws and constitution, but are improperly being blocked from doing so.

24. In repeatedly ignoring the valid recall petitions of plaintiffs, the defendants have in effect deprived the plaintiffs of their freedom of speech and assembly, barring plaintiffs from having a voice in the conduct of the union's business.

25. Thus, the defendants violated§ 411(a)(1) and (2) and deprived Plaintiffs and other Local 556 members in good standing of their right to participate in the deliberations and voting upon the business and elections of the union.

**COUNT 2: VIOLATION OF THE LOCAL 556 BY-LAWS**

26. Local 556 has adopted By-Laws that provide for the proper procedures and methods for the recall of an Officer of the Local.

27. The By-Laws state, in relevant portion, "A recall election shall be held if fifty (50%) percent plus one of the Membership in good standing sign, in person, a written petition demanding the recall of an Officer(s). If a valid petition is filed pursuant to section (a) of this Article, ballots shall be sent to all Members in good standing thirty (30) days from the time the

petition is validated. The ballot shall provide a "yes" or "no" vote on whether the Officer(s) who are the subject of the petition shall be recalled. A statement of the allegations in the petition and the Officer(s)' response shall be mailed with the ballot"

28. Said By-Laws apply to Local 556 members in good standing.

29. The By-Laws are a contract between the Local 556 and its members.

30. Local 556 Executive Board violated the By-Laws when it rejected Plaintiffs' recall petitions and refused to verify signatures as required by the Constitution and By-Laws.

31. As of the date of filing, Local and TWU International have refused to verify the recall petitions and comply with the Constitution and By-Laws.

**COUNT 3: PRELIMINARY INJUNCTION**

32. In their recall petitions, Plaintiffs allege violations of the Constitutions and By-Laws that severely and materially affect the members of the union on a daily basis. A recall election is a method by which the members can remove from power those who negatively impact their rights, do not work in their best interests, and violate the governing documents and principles of the union.

33. "A preliminary injunction is an extraordinary equitable remedy that may be granted only if the plaintiff establishes four elements: (1) a substantial likelihood of success on the merits; (2) a substantial threat that the movant will suffer irreparable injury if the injunction is denied; (3) that the threatened injury outweighs any damage that the injunction might cause the defendant; and (4) that the injunction will not disserve the public interest." *Hoover v. Morales*, 164 F.3d 221, 224 (5th Cir. 1998).

34. As alleged above, the plaintiffs have shown that their rights were violated under the LMRDA. In denying plaintiffs access to the democratic process provided for in their own

governing documents, the defendants have injured plaintiffs and violated §411 and §412. Thus, there is a substantial likelihood of success on the merits.

35. Unless Defendants are restrained, Plaintiffs will be irreparably injured, and suffer loss and damage by Defendants' wrongful conduct described above. Specifically, the conduct complained of in the recall petitions will continue, and the plaintiffs will continue to be harmed.

36. Unless this Court issues a preliminary injunction, the Board will continue to block a democratically held election for new Executive Board members.

37. Further, unless Defendant is immediately enjoined, Plaintiffs will have no adequate remedy at law.

38. An injunction would not disserve the public interest. On the contrary, an injunction blocking the defendants' attempts to violate the rights conferred to plaintiffs under the Act would serve the public interest and fulfill the purpose of the Act as envisioned by Congress.

39. Plaintiffs seek a preliminary injunction enjoining defendants from any and all such conduct that serves to block or prevent the recall election as provided in Article X of the By-Laws.

40. Preliminary injunction is also sought pursuant to 29 U.S.C. § 412.

**COUNT 4: DECLARATORY JUDGMENT**

41. Plaintiffs seek a declaration from the Court concerning the rights and legal relations as authorized by 28 U.S.C. § 2201.

42. Plaintiffs seek a declaration that they have complied with the requirements of the Constitution and By-Laws of the Local and International and are thus entitled to a recall election.

43. Plaintiffs further seek a declaration that the conduct of Local and International violated the LMRDA and the protections afforded under the governing documents of the union.

## V. COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs seek class certification under Rule 23 of the Federal Rules of Civil Procedure.

45. The putative class members are defined as: *all Local 556 members in good standing who affixed their signature, employee number, and the date to a recall petition as set forth in Article X of the By-Laws of the Local*.

46. Numerosity: The class consists of approximately 8,000 members (additional recall petitions are received daily). The class is therefore so numerous that joinder of all members is impractical.

47. Commonality: There are questions of law and fact that are common to the class. Because each class member affixed their signature to the same recall petition, the violations alleged herein apply to each class member equally.

48. Typicality: The claims of the representative Jeanna Jackson are typical of the class members as each have sought recall of Officers of the Local pursuant to Article X of the By-Laws.

49. Adequacy of Representation: As a member in good standing of the Local, plaintiff Jackson's claims are so identical to those putative class members that her claim and efforts to enforce the provisions of the By-Laws show prima facie evidence of adequacy of representation. Plaintiff Jackson was the party initiating the recall effort on behalf of the putative class.

50. Further, plaintiff asks the Court to find that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *See* Fed. R. Civ. P. 23(b)(3).

## VI. COSTS AND ATTORNEYS' FEES

51. Pursuant to the principles of equity firmly established by the United States Supreme Court and the Unites States Court of Appeals for the Fifth Circuit, Plaintiffs seek an award of their reasonable costs, including attorneys' fees, incurred in the litigation of this case.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

A. Enter a judgment declaring that Local 556 failed to comply with the requirements of 29 U.S.C. § 411 in rejecting and ignoring a legitimate recall petition submitted by its members in good standing;

B. Enter a judgment declaring that Local 556 has violated the LMRDA's § 411 and § 412 procedural rights and protections secured to Plaintiffs and other Local 556 members;

C. Enter a judgment declaring that any attempt to further block the recall and subsequent democratic election of new Executive Board Members will further violate the rights of Plaintiffs and other members of Local 556;

D. Grant equitable relief by permanently enjoining Local 556 from blocking any action to recall the existing Officers and democratically elect new Executive Board Members

E. Costs;

F. Reasonable attorney's fees under 29 U.S.C. § 412 and any other legal or equitable principle;

G. All other relief to which Plaintiff and the putative collective action members are justly entitled.

Dated: February 6, 2017

Respectfully submitted,

THE VERDE LAW FIRM, PLLC

/s/ Joshua A. Verde
Joshua A. Verde
attorney-in-charge
State Bar No. 24077590
4600 Highway 6 North, Suite 320
Houston, TX 77084
Phone: 713-909-4347
Fax: 713-588-2431
josh@verde-law.com

TEMANI ADAMS, PLLC

Temani Adams
State Bar No. 24084778
3824 Cedar Springs Road #179
Dallas, TX 75219
Temani@TemaniAdams.com
(469) 288-0888 Phone
(469) 277-3171 Fax

ATTORNEYS FOR PLAINTIFFS